FILED
CLERK
2014 OCT 14 PM 1:58
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

PAUL WILSON,

                        PLAINTIFF,

            -AGAINST-

NEW YORK CITY, POLICE OFFICER ANGEL RODRIGUEZ and POLICE OFFICER LUCAS CLEMENTZ, individually, and in their capacity as members of the New York City Police Department,

                        DEFENDANTS.

-------------------------------------------------------------- x

**COMPLAINT**

**ECF CASE**

**CV 14  6007**

GLASSER, J.

POHORELSKY, M.J.

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff Mr. Paul Wilson ("Mr. Wilson") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about April 25, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Wilson to *inter alia* false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Wilson, is 18-years-old and at all times here relevant resided at 89-23 70th Road, Forest Hills, NY 11375.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Angel Rodriguez ("PO Rodriguez") and Police Officer Lucas Clementz ("PO Clementz") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Wilson is 18 years old and recently graduated from high school.

11. On or about May 25, 2014, at approximately 10:30 pm, Mr. Wilson was walking with a friend, Ms. Wynne.

12. Mr. Wilson and Ms. Wynne were walking along Union Turnpike.

13. Mr. Wilson had a small stick in his hand, approximately two feet long.

14. Mr. Wilson tossed the stick to the side of the road.

15. There was no traffic on the road at the time Mr. Wilson tossed the stick.

16. Mr. Wilson and Ms. Wynne then turned onto Forest View Crescent.

17. As Mr. Wilson and Ms. Wynne started walking into the apartment complex, an unmarked car pulled up beside them.

18. PO Rodriguez got out of the car.

19. PO Rodriguez was in plain clothes and did not identify himself as a police officer.

20. PO Rodriguez approached Mr. Wilson and pushed him up against a gate.

21. PO Rodriguez then put Mr. Wilson in a headlock and threw him to the ground.

22. Mr. Wilson couldn't breathe.

23. Mr. Wilson and Ms. Wynne were terrified.

24. Ms. Wynne called Mr. Wilson's mother ("Mrs. Donnelly-Wilson") and told her that Mr. Wilson was being beaten-up by a stranger.

25. Mrs. Donnelly-Wilson is a retired member of the NYPD.

26. Mrs. Donnelly-Wilson immediately drove to the scene of the incident.

27. When Mrs. Donnelly-Wilson arrived Mr. Wilson was being prevented from leaving by PO Rodriguez, who was shouting, in sum and substance, "he's not going anywhere."

28. Mr. Wilson was crying and was bleeding from his knees and wrist.

29. PO Rodriguez then identified himself as police officer.

30. PO Rodriguez pulled out his shield, which was on a chain around his neck, and showed Mrs. Donnelly-Wilson his NYPD identification.

31. Mrs. Donnelly-Wilson called 911 to report that her son had been assaulted by a police officer.

32. Several police cars then arrived on the scene.

33. Mr. Wilson explained to PO Clementz what had happened.

34. Mr. Wilson was then taken by ambulance to Forest Hills North Shore Hospital.

35. Two witnesses told Mrs. Wilson-Donnelly that they had seen PO Rodriguez assault Mr. Donnelly.

36. PO Clementz then arrived at the hospital and informed Mr. Wilson that he was to be arrested for Reckless Endangerment.

37. PO Clementz handcuffed Mr. Wilson to the hospital bed.

38. PO Clementz then left the hospital, leaving another police officer to guard Mr. Wilson.

39. At approximately 12:52 am, PO Clementz called Mrs. Wilson-Donnelly and informed her that Mr. Wilson was no longer under arrest and was instead being issued a summons for obstructing vehicular traffic.

40. PO Clementz asked Mrs. Donnelly-Wilson to pass the phone to the officer guarding Mr. Wilson.

41. Mrs. Donnelly Wilson heard the officer tell PO Clementz, in sum and substance, that he was refusing to write a summons for Mr. Donnelly because the situation was bad.

42. Mr. Wilson was then handcuffed and transported to the 112th precinct.

43. At the precinct Mr. Wilson was given a summons for Disorderly Conduct obstructing vehicular traffic.

44. On or about July 8, 2014, Mr. Wilson attended court and accepted an adjournment contemplating dismissal.

45. Mr. Wilson continues to feel traumatized by the events of May 2014, and is wary and fearful when he sees police officers.

46. Mr. Wilson takes efforts to avoid police officers when in public.

47. Mr. Wilson suffered physical injuries as a result of this incident, including cuts, scrapes and bruising to his arms, legs and torso.

48. Mr. Wilson suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

49. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

50. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

51. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

52. Defendants confined plaintiff.

53. Plaintiff was aware of, and did not consent to, his confinement.

54. The confinement was not privileged.

55. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

56. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

57. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

58. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

59. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

60. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

61. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

62. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

63. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

64. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

65. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         October 9, 2014

By: _____
Duncan Peterson (DP 7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075